## Case No. 3,910a.

### DILL v. The COLOMBO.

[Betts' Scr. Bk., 533.]

District Court, S. D. New York. March 6, 1856.[1]

SHIPPING—DAMAGE TO CARGO—BILL OF LADING—"RECEIVED IN GOOD CONDITION."

[A clause in a bill of lading acknowledging goods to have been in good condition when shipped raises an inference that an injury to the goods subsequently discovered arose from a cause for which the vessel is responsible.]

[In admiralty. Libel by Otto Dill and others against the bark Colombo for damage to cargo.]

A. Nash, for libelants.
Beebe & Donohue, for claimants.

BETTS, District Judge. The master of the bark signed a bill of lading for shipment of thirteen casks of bristles, at Hamburg, consigned to the libelants. On discharging cargo at this port, one cask of bristles was found broken, and the contents largely damaged. The claimants defend the action brought to recover those damages, on the ground that there is no proof the injury was owing to neglect or fault of the vessel. The court held that the bill of lading, acknowledging the cask to have been in good order when shipped, is sufficient to charge the loss on the vessel, unless the claimant proves that the injury arose from some cause for which the

---

[1] [Reversed in Case No. 3,040.]

---

vessel is not responsible. Decree for damage, and reference.

[NOTE. The decree in this case was subsequently reversed by the circuit court in Case No. 3,040.]